By the Court.

This is an action brought against the wife and executrix of a deceased sheriff, to obtain from her the amount of an of which, at the time of her husband’s death, the money was not recovered.
The plaintiffs contend that the deed of sale of the property executed having been made in thé name of the deceased, the action resulting therefrom has passed to his executrix and heirs. The defendant answers that such sales being made by a sheriff in his public capacity, she' cannot exercise any action against the purchaser of the property thus sold,' that she ought not to be liable for the proceeds. Judgment having been rendered against her in the Parish Court of New-Orleans, she has claimed the present appeah
Ít appears to this Court that in order to make the defendant liable in this ease, ope of two things *388 ouS^t to have been proved; either that the proceeds of this sale were paid into her hands since the death her husband; or that it was through the ne-gleet or misconduct of her husband, that the money was not collected before his death. But, on the contrary, it is recognised that the term of payment of the property executed and sold on this occasion was not yet elapsed, when the sheriff died ; and it is not pretended that his widow has received the money since his death.

East. District.

July 1814.
This is, therefore, one of those cases in which the acts begun by the former sheriff must be continued and terminated by his successor. Whether it was or was not expressed in the deed of sale by him made that the price was payable to him or. to his successors in office is immaterial. He 1 sold in his official capacity of sheriff; and the price which hag not been paid to him is payable into the hands of his successor to be disposed of as. the law may direct. The present sheriff is, there- ■ fore, the proper person to compel the purchaser of this property to pay. The appellant has no quality and no right to enforce that payment. She must, therefore, be discharged,
' It is ordered and decreed-that the judgment Qf the Parish Court be reversed, and that judgment be entered for the appellant with costs, 1